Filed 6/16/15  P. v. Tunstall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076999 |
| v. | (Super. Ct. No. CRF113354) |
| ROBERT LEE TUNSTALL, JR., | |
| Defendant and Appellant. | |

On March 27, 2011, defendant Robert Lee Tunstall, Jr., punched victim Earl Shanahorn in the mouth without provocation.  Shanahorn sustained a serious upside down "v" shaped laceration to his upper lip and his two upper front teeth were loose as a result of the attack.

Defendant was charged with various felony offenses, but was found incompetent to stand trial on November 3, 2011.  Defendant, who was incarcerated on a parole violation, was transported to Atascadero State Hospital on January 26, 2012.  He was found competent to stand trial and returned to Yolo County Jail on July 26, 2012, with criminal proceedings reinstated.

1

Defendant subsequently pled no contest to assault by means likely to produce great bodily injury and admitted an enhancement for inflicting great bodily injury. The trial court sentenced him to serve 7 years in state prison, imposed various fines and fees, and awarded 300 days of presentence credit (288 actual and 12 conduct). On appeal of that sentence, we discovered an error in the number of presentence credits based on the failure to award defendant some of his time in custody after the revocation of his six-month parole term. We remanded the matter to the trial court to calculate and award additional credits as needed, and affirmed the judgment in all other respects.

On remand, the trial court accepted defense counsel's analysis of the credits issue and awarded 353 days of actual credit for time served in Yolo County Jail and Atascadero between October 17, 2011, and October 3, 2012, and 27 days of conduct credit for 171 days in county jail and the 9 days spent in Atascadero after defendant was found competent to stand trial.

Defendant appeals from the award of credits on remand.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising 16 separate contentions. Fifteen of those contentions address matters not related to the award of presentence credits. "In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order. [Citations.]" (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) Our remand was limited to a determination of the proper award of presentence credits in this case. In all other respects, the judgment was affirmed. As a result, we shall not consider those claims unrelated to the award of presentence credits.

Defendant makes one contention regarding the award of credits, that he was entitled to credits from April 9, 2011 to October 3, 2011, the day he was admitted to Atascadero, and he was entitled to conduct credits for that time pursuant to Penal Code section 4019.[1]  In the prior appeal, we held defendant was entitled to presentence credits for the time served once he was committed to Atascadero, implicitly concluding defendant was not entitled to credits for incarceration on the parole violation. (See *People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194 ["where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint"].)  This holding is the law of the case and defendant is precluded from relitigating the issue on appeal.  (*People v. Shuey* (1975) 13 Cal.3d 835, 841, disapproved on other grounds in *People v. Bennett* (1998) 17 Cal.4th 373, 389, fn. 5; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 167, pp. 448-450.)

We note there is an error in the abstract of judgment.  Defendant's conduct credits were calculated under section 2933.1 because his crime was a violent felony due to the great bodily injury enhancement.  (§ 667.5, subd. (c)(8).)  The abstract erroneously lists the award of conduct credits as made pursuant to section 4019 rather than section 2933.1. We order a correction to the abstract.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting that the award of presentence conduct credits was made pursuant to Penal Code

---

[1]     Undesignated statutory references are to the Penal Code.

3

section 2933.1. The trial court is directed to transmit a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The order awarding presentence credits is otherwise affirmed.


                                                                      HOCH     , J.


We concur:


       ROBIE     , Acting P. J.


       MURRAY  , J.