Filed 8/11/22  P. v. Frazier CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C095087 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01458) |
| v. |  |
| LUTHER DEVON FRAZIER, |  |
| Defendant and Appellant. |  |

Appointed counsel for defendant Luther Devon Frazier asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief.  Finding no arguable error that would result in a disposition more favorable to the defendant, we will affirm the judgment.

## I.  BACKGROUND

We take the facts from our prior decision.  (*People v. Frazier* (Feb. 23, 2021, C082028) [nonpub. opn.] (*Frazier*).)

Defendant killed his heroin supplier.  A postal carrier saw defendant, armed with a revolver, arguing with another person.  The other person walked away and defendant

1

followed.  After the two men went between some buildings, the postal carrier heard gunshots and then saw defendant walk out.  (*Frazier, supra*, C088702.)  The victim was shot six times at close range, including once in the back.  (*Frazier, supra*, C088702.)

Defendant later told a friend he killed someone.  (*Frazier, supra*, C088702.)

Defendant lived at his parents' home.  His father discovered a revolver he kept at the house was missing.  That gun was never found.  (*Frazier, supra,*C088702.)

In a videotaped interview with the police played for the jury, defendant claimed acquaintances must have stolen his father's gun.  Defendant first denied being at the scene but then admitted going to the victim to beat him up because the victim had threatened his family.  Defendant said his companion shot the victim.  (*Frazier, supra*, C088702.)

At trial, defendant disavowed his police interview statement admitting he " 'lied through [his] teeth' " to protect his family.  Defendant testified the victim had engaged in a campaign of extortion and intimidation to gain use of defendant's car and made a series of threats to defendant's family.  Defendant claimed the victim said he was a gang member and warned defendant that if he went to the police, his gang would kill defendant's parents.  Defendant testified he shot the victim in self-defense after the victim pulled out his gun.  (*Frazier, supra*, C088702.)

The jury convicted defendant of murder (Pen. Code, § 187, subd. (a))[1], and found true the enhancement defendant used a firearm during the murder (§ 12022.53, subd. (d)).  The trial court sentenced him to 50 years to life in prison.

Defendant appealed raising issues about his post-trial *Marsden*[2] motion, and the trial court's refusal to appoint new counsel.  (*Frazier, supra*, C088702.)  This court

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

affirmed the trial court orders but remanded the case to the trial court to determine whether it should strike the firearm enhancement. (*Frazier, supra*, C088702.)

On remand, after reciting the facts of the crime and the jury's rejection of defendant's self-defense claim, the trial court found defendant showed no remorse; the murder involved great violence, cruelty, and callousness; and was carried out in a manner that indicated planning and calculation. The trial court further found defendant engaged in violent conduct that was a serious danger to society. As a result, the trial court declined to strike the firearm enhancement.

Defendant timely appealed.

## II. DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant filed a timely supplemental brief arguing he was denied due process during his original trial because the testimony of several witnesses was not presented to the jury and the trial judge made several inaccurate comments posttrial. Defendant further argued the trial court "continue[d] to make quotes that [he] never said" during the remand proceedings.

"In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) Here, our remand was limited to whether the trial court should exercise its discretion to dismiss the firearm enhancement in the interest of justice. As a result, we shall not consider claims unrelated to that question, including whether the evidence was improperly excluded during trial or whether the trial court made erroneous posttrial statements prior to remand.

Defendant's argument about the trial judge's statements on remand do not identify those statements nor does defendant explain how they might relate to the trial court's exercise of its discretion. "The [trial] court's judgment is presumed to be correct, and it

3

is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citation.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Having undertaken an examination of the entire record on remand, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MAURO, J.

4