Filed 10/30/23  P. v. Calderon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE GUADALUPE CALDERON,<br><br>    Defendant and Appellant. | C097997<br><br>(Super. Ct. No. 03F00297) |

In an appeal from the denial of a Penal Code former section 1170.95 (now section 1172.6)[1] petition for resentencing, appointed counsel for defendant Jose Guadalupe Calderon asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)  Defendant filed a supplemental brief raising various arguments.  Having considered defendant's arguments, we will affirm the trial court's order.

---

[1] Undesignated statutory references are to the Penal Code.  Defendant filed his petition in April 2022.  Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6.

1

I

In 2003, a jury found defendant guilty of kidnapping for ransom with great bodily harm (§ 209, subd. (a)), robbery (§ 211), false imprisonment (§ 236), and assault with a firearm (§ 245, subd. (a)(2)).  The jury also found true an allegation as to all the offenses that a principal was armed with a firearm.  (§ 12022, subd. (a)(1).)  In his direct appeal, this court reversed the false imprisonment conviction but otherwise affirmed the judgment.  (*People v. Calderon et al.* (Oct. 27, 2005, C045938) [nonpub. opn.].)

In April 2022, defendant filed a petition for resentencing.  The trial court obtained briefing from counsel and held a prima facie hearing where both parties submitted on their briefing.  The trial court denied the petition in a written decision, observing that court records showed defendant was ineligible as a matter of law because he did not have a qualifying conviction.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

The California Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required.  (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  The Supreme Court explained that when a defendant files a supplemental brief in such an appeal, we must evaluate the specific arguments presented in the brief, but we need not conduct an independent review of the entire record to identify unraised issues.  (*Id*. at p. 232.)

Defendant argues he was entitled to a jury trial and there was a significant disparity in sentences between him and one of his codefendants.  Defendant did, in fact,

receive a jury trial (*People v. Calderon et al., supra*, C045938), but in any event, neither of his contentions is cognizable in the current appeal because this appeal is from an order denying his petition for resentencing. (See *People v. Murphy* (2001) 88 Cal.App.4th 392, 395-396.)

None of defendant's arguments affect his eligibility for resentencing under section 1172.6. Section 1172.6, subdivision (a) allows a defendant to have a murder, attempted murder, or manslaughter conviction vacated, but defendant has no such convictions. He thus cannot benefit from section 1172.6 and the trial court correctly denied the petition.

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.