Filed 12/29/23  P. v. Propps CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER ARMOND PROPPS,<br><br>    Defendant and Appellant. | B320370<br><br>(Los Angeles County Super. Ct. No. NA104701) |

APPEAL from an order of the Superior Court of Los Angeles County, Chestopher L. Taylor, Judge.  Affirmed in part, reversed in part, and remanded.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Christopher Propps (defendant) of second degree robbery in 2016. Defendant was sentenced to 35 years to life under the Three Strikes law. In a prior opinion on defendant's appeal from the criminal judgment, we affirmed defendant's conviction but held the matter must be remanded to give the trial court an opportunity to decide if defendant was eligible for mental health diversion and to exercise newly conferred discretion to strike one or both of the prior serious felony conviction enhancements imposed under Penal Code section 667, subdivision (a).[1] (*People v. Propps* (May 8, 2019, No. B281522) [nonpub. opn.] (*Propps*).) On remand, defendant made an oral *People v. Marsden* (1970) 2 Cal.3d 118 motion to replace his trial counsel, which the trial court denied. The court exercised its discretion to strike defendant's section 667, subdivision (a) enhancements, but stated our remittitur precluded it from considering any other modifications to defendant's sentence. We consider whether the trial court erred in denying defendant's *Marsden* motion and whether, as the Attorney General concedes, the court should have conducted a full resentencing.

## I. BACKGROUND

### A. *Defendant's Trial and Initial Appeal*

Defendant stole a watch, a cellphone, and recyclable cans from victim Jayson Eugenio in July 2016. The Los Angeles County District Attorney subsequently charged him with second degree robbery in a single-count information. The information

---

[1] Undesignated statutory references that follow are to the Penal Code.

additionally alleged defendant personally used a deadly and dangerous weapon (a knife) in the commission of the offense and had previously sustained two or more serious and/or violent felony convictions.

During trial, defendant admitted to having been convicted of three prior felonies. The jury convicted defendant of second degree robbery, but it found the allegation that defendant used a deadly weapon in the commission of the crime not true.

Before sentencing, defendant's attorney filed a *Romero*[2] motion asking the trial court to dismiss at least one of defendant's prior "strike" convictions. The trial court denied the motion and imposed the aforementioned 35 years to life prison sentence, ten years of which was attributable to the impact of section 667, subdivision (a) enhancements for defendant's prior serious felony convictions.

Defendant appealed and argued, among other things, that he was entitled to a remand so the trial court could consider (1) whether to exercise newly-conferred discretion under Senate Bill No. 1393 (2017-2018 Reg. Sess.) to strike prior serious felony conviction enhancements under section 667, subdivision (a),[3] and

---

[2]  *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3]  When the trial court initially sentenced defendant, imposing a section 667, subdivision (a)(1) five-year enhancement for sustaining a prior serious felony conviction was mandatory. Subsequent legislation, which took effect before defendant's conviction was final, deleted the provision of section 1385 that made the imposition of the enhancement mandatory (along with related language in section 667 itself), thereby permitting trial courts to strike such enhancements when found to be in the

3

(2) whether defendant was eligible for mental health diversion pursuant to section 1001.36.

We affirmed defendant's conviction but remanded the case to the trial court with directions to conduct a diversion eligibility hearing under section 1001.36 and to consider whether it wished to exercise its discretion to strike defendant's section 667, subdivision (a) enhancements under Senate Bill 1393. We further directed that if the trial court determined defendant was not eligible for diversion, then the court was to reinstate the judgment, with any modifications required as a result of any decision to exercise Senate Bill 1393 discretion.

### B.    Proceedings on Remand

After our remand order, the trial court held an initial hearing in January 2022. During the hearing, and at defendant's request, the court convened *Marsden* proceedings outside the presence of the People. After hearing from both defendant and his appointed attorney, the court denied defendant's *Marsden* motion.

Proceeding to the issues before the court on remand, defendant asked the court to dismiss his prior serious felony conviction enhancements and to dismiss at least one of his prior qualifying convictions under the Three Strikes law. Defendant maintained he was entitled to a full resentencing and the court had jurisdiction to modify any aspect of his sentence. The prosecutor opposed defendant's requested relief, arguing the scope of the remand was limited and the court was not permitted

interest of justice. (Sen. Bill No. 1393 (2017-2018 Reg. Sess.) §§ 1, 2.)

4

to undertake a full resentencing. The court continued the hearing to a later date.

When the parties were back before the court, the court noted defendant had not filed a request for mental health diversion and asked defendant to confirm he was not seeking any relief with respect to that issue. Defendant confirmed he was not. The court stated it had in any event considered the six requirements with respect to mental health diversion and found defendant was not suitable for it.

Regarding the defense request to hold a full resentencing, the trial court reviewed the remittitur from defendant's initial appeal and understood it to require only an exercise of discretion on whether to strike the five-year prior serious felony conviction enhancements, not a full resentencing. The trial court struck the two five year priors, stating it thought 25 years to life was "more than enough" under the circumstances. The court imposed a prison sentence of 25 years to life, reinstated the judgment, and remarked there was "nothing else [it] can do."

## II. DISCUSSION

The trial court did not abuse its discretion by denying defendant's *Marsden* motion. The arguments defendant makes now regarding his trial attorney's purported failure to submit a mental health report to the trial court were not presented as grounds for replacing counsel during the *Marsden* hearing and therefore cannot serve as a proper basis for reversal. Additionally, though defendant and counsel appear to have had some difficulties in their relationship, defendant did not establish they had an irreconcilable conflict likely to result in ineffective representation.

5

Additionally, and though the trial court conscientiously attempted to hew to the remand directions in our prior opinion, we accept the Attorney General's concession that defendant is entitled to remand for a full resentencing. We shall remand the cause to permit the court to consider the appropriate sentence anew, with an understanding of the full extent of its discretion to fashion an appropriate sentence.

### A. *Denial of the Marsden Motion Was Not an Abuse of Discretion*

"'When a defendant seeks to obtain a new court-appointed counsel on the basis of inadequate representation, the [trial] court must permit him . . . to explain the basis of [the] contention and to relate specific instances of inadequate performance. The court must appoint a new attorney if the record clearly shows the current attorney is not providing adequate representation or that the defendant and counsel have such an irreconcilable conflict that ineffective representation is likely to result. [Citations.] If[, as here,] the court holds an adequate hearing, its ruling is reviewed for abuse of discretion.'" (*People v. Rices* (2017) 4 Cal.5th 49, 69.) Our review is necessarily based on the record before the court when it ruled, disregarding "subsequent matters." (*People v. Berryman* (1993) 6 Cal.4th 1048, 1070, disapproved on another ground in *People v. Hill* (1998) 17 Cal.4th 800.)

Defendant argues denial of his *Marsden* motion was an abuse of discretion because trial counsel did not have him assessed by a mental health professional and did not seek an additional continuance to obtain a report from such a professional. This argument lacks merit for two reasons. First,

6

the issue of whether defendant would seek mental health diversion was still open at the time of his *Marsden* hearing in January 2022.  The trial court did not deny mental health diversion until the May 2022 hearing.  In the interim, defendant did not interpose another *Marsden* objection or ask for another *Marsden* hearing at that time.  Accordingly, the trial court could not have granted the *Marsden* motion on the ground defendant argues now.  Second, the record does not in fact establish trial counsel did not obtain a mental health assessment of defendant. It merely reflects defendant ultimately did not submit any additional evidence in support of eligibility.  The record accordingly does not permit drawing a conclusion that counsel did not obtain a psychological evaluation of defendant—particularly when counsel represented she was working to obtain such an evaluation and would file a motion for diversion if an expert evaluation provided a basis to do so.

Defendant also argues denial of the motion was an abuse of discretion because he and his attorney were embroiled in such an irreconcilable conflict that ineffective representation was likely to result.  A defendant's assertion of lack of trust in the attorney does not constitute an irreconcilable conflict.  (*People v. Myles* (2012) 53 Cal.4th 1181, 1207 ["'If a defendant's claimed lack of trust in, or inability to get along with, an appointed attorney were sufficient to compel appointment of substitute counsel, defendants effectively would have a veto power over any appointment, and by a process of elimination could obtain appointment of their preferred attorneys, which is certainly not the law'"].)  Nor is an irreconcilable conflict shown by "heated words . . . spoken between client and attorney," without more, or

7

conduct by a defendant that manufactures a conflict with his attorney. (*People v. Smith* (1993) 6 Cal.4th 684, 696.)

Defendant contends an irreconcilable conflict resulted from counsel's failure to obtain a psychological evaluation of defendant, counsel's refusal to investigate and file a motion for mental health diversion, counsel's asserted untruthfulness with defendant, and the animus between counsel and defendant—which interfered with their ability to meaningfully communicate with each other. The first two contentions are unpersuasive for reasons we have already discussed. As to defendant's remaining arguments, we have reviewed the sealed *Marsden* transcript and we agree with the trial court that defendant did not establish the existence of an irreconcilable conflict. (*Smith*, *supra*, 6 Cal.4th at 696 ["To the extent there was a credibility question between defendant and counsel at the hearing, the court was 'entitled to accept counsel's explanation'"].) We are also of the view, based on what we see in the *Marsden* hearing transcript, that the tension or animosity that defendant claimed existed was largely a product of defendant's own conduct.[4]

### B. *Defendant Is Entitled to Remand for a Full Resentencing*

Defendant argues the trial court erred by finding he was not entitled to a full resentencing under our prior remand order. The People concede—partly relying on recent amendments to

---

[4]     Our rejection of defendant's claim of *Marsden* error resolves his Sixth Amendment contention. (*People v. Roldan* (2005) 35 Cal.4th 646, 683, 683 [no Sixth Amendment violation where trial court did not abuse its discretion in denying a *Marsden* motion].)

8

Penal Code section 1172.1—that a full resentencing was required. We accept the concession.

Our prior opinion remanded the cause to allow the trial court to determine whether defendant was eligible for mental health diversion and to determine whether it wished to exercise its discretion to strike defendant's prior serious felony conviction enhancements. Resentencing was not required unless the court acted "favorably" by striking one or more of the priors. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34.) The trial court was thus correct, in a certain sense, that our remand instructions did not automatically require it to resentence defendant. However, the trial court ultimately decided to exercise its discretion and struck both of defendant's five-year enhancements. When it did so, it triggered the "full resentencing rule" and had jurisdiction to modify every aspect of defendant's sentence. (*People v. Walker* (2021) 67 Cal.App.5th 198, 205 [where trial court corrects part of a sentence on remand, it is resentencing defendant and must look at the facts and law in effect at time of resentencing]; *People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397 [limited remand did not require trial court to resentence defendant unless it first decided to vacate a strike finding]; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 [explaining the "'full resentencing rule'"].)

The trial court stated it believed it lacked the authority to consider any other part of defendant's sentence and its comments do not clearly indicate that it would not have exercised its discretion to modify any other aspect of defendant's sentence. We shall therefore remand for the trial court to conduct a full resentencing, including consideration of any renewed *Romero*

9

motion made by the defense.  We express no view in this opinion on the sentence the trial court should impose on remand.

DISPOSITION

The cause is remanded for resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.

10