Filed 10/17/24  P. v. Orozco CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISAAC MANUEL OROZCO,<br><br>    Defendant and Appellant. | F085737<br><br>(Super. Ct. No.  BF173956A)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Isaac Manuel Orozco was convicted of aggravated mayhem and related crimes.  In a prior appeal, we rejected his challenges to the convictions, but did vacate his sentence

\* Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

and remand the matter for resentencing. (*People v. Orozco* (June 28, 2022, F079844) [nonpub. opn.] (*Orozco*).)

On appeal after resentencing, Orozco claims his trial attorney was ineffective for failing to present an intoxication defense during his trial. The People contend "this claim is outside the limited scope of issues that could properly be raised on appeal following remand for resentencing only." We agree with the People.

## BACKGROUND

*Charges*

"The Kern County District Attorney charged Orozco with committing five crimes: aggravated mayhem (Pen. Code,[1] § 205; Count 1), first degree burglary (§ 460, subd. (a); Count 2), assault with a deadly weapon (§ 245, subd. (a)(1); Counts 3 & 4), and attempted aggravated mayhem (§§ 664 & 205; Count 5). The aggravated mayhem charge included an allegation Orozco was armed with a 'deadly or dangerous' weapon (§ 12022, subd. (b)(1))." (*Orozco, supra,* F079844.)

*Prior Appeal*

In the prior appeal, we rejected Orozco's argument the evidence failed to prove burglary. (*Orozco, supra,* F079844.) We also vacated the sentence and directed the trial court to resentence Orozco in accord with then-newly enacted laws. (*Ibid.*)

*Resentencing*

At the resentencing hearing, Orozco's trial counsel sought leniency because the crime "was fueled by intoxication …." Counsel explained intoxication was "not presented at trial because it's not a defense … and not necessarily relevant as to … intent …." The People responded "there [was] absolutely no evidence of intoxication in the trial record or the sentencing record." Orozco's counsel replied the charged crimes were "general intent crimes," not "specific intent crimes" and if they were specific intent

---

[1] All statutory references are to the Penal Code.

crimes, "the defense would have presented evidence of intoxication …." The trial court then sentenced Orozco to serve 15 years to life in prison.

## DISCUSSION

"In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) We see no reason to depart from this rule in this case and consider, for the first time, Orozco's claim his trial counsel was constitutionally deficient.

We previously returned this matter to the trial court to resentence Orozco. It did. That resentencing did not expand the scope of issues before this court.

Nonetheless, Orozco is not without a remedy. He may raise his ineffective assistance argument via habeas corpus petition in the trial court.[2] (See *People v. Sepulveda* (2020) 47 Cal.App.5th 291, 301.)

## DISPOSITION

The judgment is affirmed.

---

[2] We take no position on whether Orozco's trial counsel misunderstood the law or whether such misunderstanding would establish ineffective assistance. Neither do we advocate for or against Orozco pursuing a habeas corpus petition.