Filed 7/8/25  P. v. Ross CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DONTAY LARRY ROSS, <br><br> Defendant and Appellant. | F088856 <br><br> (Super. Ct. No. BF182466B) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Levy, J. and De Santos, J.

Defendant Dontay Larry Ross is currently serving a prison sentence of life with the possibility of parole. His case was remanded for resentencing, and this appeal is taken from a judgment entered on remand. Defendant's appellate counsel makes no claim of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See also *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from him. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

On our own motion, we take judicial notice of *People v. Gaines* (2023) 93 Cal.App.5th 91 (*Gaines*) and the appellate record in *Gaines*.[1] (Evid. Code, §§ 452, subd. (d), 459; see, e.g., *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 886.) We incorporate by reference the factual and procedural background set forth in *Gaines*.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) To summarize, defendant and Gaines were making a purchase at a convenience store where they exchanged words with a man who was accompanied by his girlfriend and her two young children. (*Gaines, supra*, 93 Cal.App.5th at p. 102.) A short time after leaving the store, Gaines stopped his vehicle in the street near where the man, girlfriend, and children were walking on the sidewalk while defendant exited the vehicle and shot at the individuals multiple times. (*Ibid.*) Defendant was convicted of premeditated attempted murder and related charges and sentenced to a term of seven years to life, plus 49 years 8 months in prison. (*Ibid.*)

---

[1]     We consolidated defendant's appeal with that of his codefendant, Brandon Michael Gaines.

2.

Defendant appealed, and we upheld his conviction but remanded for resentencing due to amendments to Penal Code section 1170[2] enacted during the pendency of his appeal. (*Gaines, supra*, 93 Cal.App.5th at p. 141.)

At resentencing on October 9, 2024, defense counsel requested that the court impose low term sentences on each count and strike the enhancements in the interest of justice. Defense counsel also argued that defendant was a youthful offender who participated in educational programming and work assignments and committed no offenses while incarcerated. The prosecutor noted that defendant had served a prior term in county jail, was on probation when the crime was committed, and his prior performance on probation was unsatisfactory. Additionally, defendant had three misdemeanor convictions between 2017 and 2019, violated conditions of probation in two of the cases, and was on probation at the time of the instant offense. The prosecutor requested that the trial court impose the same sentence as originally imposed.

The trial court noted the law changed since the original sentence and conducted a new analysis. The court found defendant was less than 26 years of age at the time of the offense as a circumstance in mitigation, but that defendant engaged in violent conduct that indicates he is a serious danger to society, had numerous prior convictions as an adult, was on two grants of probation at the time of the offense, and performed unsatisfactorily while on probation. Weighing these circumstances, the court decided to impose the middle term sentence for each crime. The trial court resentenced defendant to a total term of seven years to life in prison, plus 36 years 8 months as follows: seven years to life in prison, plus 20 years (§ 12022.53, subd. (c)) and a stayed four-year term (§ 12022.5, subd. (a)) as to count 1 (§§ 664, 187, subd. (a), 189); a consecutive term of six years, plus four years (§ 12022.5, subd. (a)) as to count 3 (§ 245, subd. (b)); a two-year consecutive term (one-third of the middle term per § 245, subd. (b)), plus one year

---

[2]     Undesignated statutory references are to the Penal Code.

3.

four months (one-third of the middle term per § 12022.5, subd. (a)) as to each of counts 4 and 5 (§ 245, subd. (b)); a stayed middle term of six years, plus four years (§ 12022.5, subd. (a)) as to count 2 (§ 245, subd. (b)); a stayed middle term of five years, plus four years (§ 12022.5, subd. (a)) as to count 6 (§ 246); a stayed middle term of five years as to count 7 (§ 26100, subd. (c)); and a stayed middle term of two years, plus four years (§ 12022.5, subd. (a)) as to count 8 (§ 422).[3]

Additionally, the court ordered that defendant pay a $300 restitution fine, (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), victim restitution (§ 1202.4, subd. (f)), $240 in criminal conviction assessments (Gov. Code, § 70373), and $320 in court operations assessments (§ 1465.8).

Defendant filed a timely notice of appeal on October 28, 2024.

"In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397.) As such, "a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures" is generally prohibited. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535.) Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error during resentencing that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.

---

**3**     Defendant was resentenced to a determinate term that was 13 years less than his original sentence.