Filed 11/24/20  P. v. Davis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>DION ANDRE DAVIS,<br>        Defendant and Appellant. | A156663<br><br>(Lake County Super.<br> Ct. No. CR933300A) |

In this second appeal, defendant Dion Andre Davis argues that at his resentencing, conducted after remand from his previous appeal, the trial court failed to consider that certain of his sentences should be stayed under Penal Code section 654.[1]  We agree with the People that Davis has waived this claim by failing to raise it in his first appeal.  Davis also contends that one of his enhancement sentences should be stricken under a recent legislative change to section 667.5, subdivision (b) and that the abstract of judgment contains a clerical error.  The People agree with these latter two arguments.  We conclude the parties are correct and shall order that these changes be made.  The judgment is otherwise affirmed.

---

        [1]  All statutory references are to the Penal Code.

1

# BACKGROUND

This is Davis's second appeal from multiple convictions relating to a 2013 home invasion/robbery in Lake County. After a jury trial, he was convicted of numerous offenses, and their attendant enhancements were found to be true. These convictions included robbery (count 2), first degree burglary (count 3), assault with a firearm (count 4), assault with a semiautomatic firearm (count 5), mayhem (count 6), grand theft (count 7), resisting an executive officer in the performance of his duties (count 11), assault on a police officer with a semiautomatic firearm (count 12), assault with a deadly weapon against a peace officer engaged in the performance of his duties (count 13), grossly negligent discharge of a firearm (count 14), and conspiracy (to commit robbery and residential burglary (count 17).

The court declared a mistrial or dismissed certain other convictions. It imposed an aggregate determinate sentence of 44 years and 8 months, plus an indeterminate sentence of 25 years to life, for these convictions. These consisted of consecutive sentences of:

- three years for count 2, first degree robbery, including a one-year term for a prior conviction, plus an indeterminate 25-years-to-life sentence for a firearm enhancement;

- sixteen months for count 3, first degree burglary;

- six years and four months for count 5, assault with a semiautomatic firearm, including three years and four months and one year for personal use of a firearm and great bodily injury enhancements respectively;

- a principal term of 28 years for count 6, mayhem, including 20 years for personal use of a firearm;

2

- five years and four months for count 12, assault with a semiautomatic firearm upon a peace officer, including three years and four months for a firearm enhancement; and

- eight months for count 17, conspiracy.

The court imposed a concurrent one-year sentence for count 7, misdemeanor grand theft, and imposed and stayed sentences under section 654 for counts 4 (assault with a firearm), 11 (resisting an executive officer in the performance of his duties), 13 (assault with a deadly weapon against a peace officer engaged in the performance of his duties), and 14 (grossly negligent discharge of a firearm).

The details of Davis's crime were set out in his previous, unpublished appeal, *People v. Davis*, 2018 Cal. App. Unpub. LEXIS 6814 (A148032, Oct. 5, 2018) (*Davis I*).[2]  On June 26, 2013, Davis and three other men invaded the home of Jeneane and Ronnie Bogner to steal guns.  (*Davis I*, *supra*, 2018 Cal. App. Unpub. LEXIS 6814, at p. *3.)  Jeneane[3] was home with her son Jacob and her two grandchildren when she heard the sound of her driveway motion detector.  (*Id.* at pp. *3-*4.)  As stated in our previous opinion:

"[Jeneane] stepped out her front door to investigate, and saw a man dressed in all black and a hoodie exit the passenger-side rear door of a car and approach her.  He was not wearing a mask.  When she asked him what he wanted, he asked for 'Lonnie,' which was similar to her husband's name.  Three other men, all wearing skeleton-type masks, then exited the car and ran toward the front door.

---

[2] We cite our unpublished opinion in Davis's prior appeal to explain the factual background of the case and not as legal authority.  (See *Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10; accord, Cal. Rules of Court, rule 8.1115(b).)

[3] We refer to each of the Bogners by their first names for clarity's sake, and mean no disrespect by doing so.

"Jeneane said she ran inside and tried, unsuccessfully, to lock the front door.  The first man kicked the door open and came inside, pushing her back. . . .  She attempted to prevent the others from entering her house by trying to push the door shut and lock it.  An arm came around the door holding a gun.  She yelled to Jacob to call the police.

"Jacob testified that he was in his bedroom when he heard an unusually loud noise.  As he opened his bedroom door to investigate, he heard his mother call for help.  He went into a hallway and saw Davis, who was not wearing a mask, standing about eight feet away and pointing at him with what looked like a Glock gun with an extended magazine.  Three other men were standing near Davis, and Jacob noticed one of them was wearing a skeleton-type mask.  Davis pointed his gun at Jacob and led him back to his bedroom, where Davis took $150 in cash on a nightstand and said '[t]his is the day you're going to die.'  He told Jacob to get on the ground face first and left the room.

"Fearing for his mother and the children, Jacob testified, he ran into the hallway.  When Davis saw Jacob, he pointed his Glock gun at him again.  Jacob ran back into his bedroom, locked the door and stood by it.  Davis kicked the door twice and fired at it, shooting Jacob in the knee, causing him to bleed.  Davis again kicked the door and it opened.  He yelled, 'Where are the guns?  Where are the guns?'  Jacob said he did not know, and Davis, after also asking, 'Where is the money?,' left the room.

"Jacob further testified that he again went into the hallway and Davis chased him back into his bedroom.  Jacob closed his now mangled bedroom door, but Davis kicked it open.  As Jacob stayed in an 'unthreatening position,' Davis entered, pistol-whipped him with the Glock gun four or five times on the top of his head and left the room as Jacob lay on the floor

4

bleeding.  Jacob tried to call the police on his cell phone but could not get a connection.  Davis twice and another man once entered the room and searched it; later someone reached into the room and took Jacob's cell phone. After Jacob thought the men had left, he searched and found his mother and the children in a back bedroom talking to 911.  His mother gave the phone to Jacob, who spoke with the police dispatcher." (*Davis I*, *supra*, 2018 Cal. App. Unpub. LEXIS 6814, at pp. *4-*6.)

In the previous appeal, Davis argued the trial court erred in discharging a juror during deliberations; the prosecution committed a *Brady* violation by withholding evidence regarding a detective's misconduct in investigating the case; we should stay under section 654 his count 5 sentences for assault with a semiautomatic firearm and the attendant great bodily injury and firearm enhancements or, in the alternative, stay the great bodily injury sentence; the court miscalculated and made a clerical error regarding the sentences imposed for counts 5 and 12; and we should remand to allow the trial court to strike or dismiss the firearm enhancements under sections 12022.5 and 12022.53.  (*Davis I*, *supra*, 2018 Cal. App. Unpub. LEXIS 6814, at p. *1.)  We ordered as follows:  "We affirm the judgment, except that we order the judgment to be modified to stay under [Penal Code] section 654 Davis's sentence of six years and four months for his count 5 assault conviction and the attendant enhancements, and we remand to the trial court to exercise its discretion regarding the firearm enhancements attached to counts 2, 5, 6 and 12.  The trial court should issue an amended abstract of judgment and provide a copy to correctional authorities with any and all modifications to the judgment and sentencing." (*Id*. at p. *47.)

The trial court held a resentencing hearing in January 2019.  The court stated that its tentative decision was to exercise its discretion by not striking

5

or dismissing any of the firearm enhancements. In accordance with this court's instruction to stay Davis's sentence on count 5, it intended to impose a total determinate sentence of 38 years, 4 months and a 25-years-to-life indeterminate sentence.

Counsel then presented argument. Defense counsel said he wanted to address "a couple of different issues." First, he believed that the robbery, assault with a firearm and mayhem convictions (counts 2, 4 and 6) were based on the same continuous conduct and therefore came under the stay requirement in section 654. He argued the court should either run the sentences for these three convictions concurrently or stay them, and thereby also stay the firearm enhancement sentences that accompanied these convictions. He added that in the alternative, the court should strike the firearm enhancements in the interest of justice under section 12023.53. The prosecutor responded that this court's remand was to allow the court to exercise its discretion regarding the enhancements only. He argued that based on the seriousness of the crime and Davis's prior record, the court should allow the enhancements to remain in place.

The court referred to the recent change in the law that gave it the discretion to strike firearm enhancements in the interests of justice, pursuant to section 1385: "The Court of Appeal has sent this case back for me to consider that power, in light of the statutory change, the discretion whether to strike firearm enhancements . . . . [¶] After due consideration, I've given this a substantial amount of thought. I've determined that I'm not going to strike any of the firearm enhancements that relate to Counts 2, 3, 5 or 12. [¶] Overall my reasons are, that imposing the enhancements will not cause an excessive or unfair punishment considering all of the defendant's circumstances and the harm done to the victims in this case." After

6

discussing facts specific to certain counts, the court imposed the original sentence except that it stayed the sentence of six years and four months on count 5 consistent with this court's previous opinion.

Davis filed a timely notice of appeal.

## DISCUSSION

### I.

### *Davis Has Waived His Section 654 Claim.*

Davis first argues that the trial court erred at the resentencing hearing by failing to consider his argument that it should stay under section 654 two of three sentences imposed for convictions that were a part of one continuous course of conduct, these being his robbery, burglary and mayhem convictions (counts 2, 3 and 6)—which he contends the court should have done and which would have also resulted in staying the sentences for their attendant firearm enhancements.[4] He argues that, "[b]ecause a defendant's intent and objective are factual questions for the trial court, and in the instant case the trial court failed to address this issue, this matter should be remanded to the trial court to determine whether the commission of burglary, robbery, and mayhem were incident to one objective for purposes of Penal Code section 654," relying on *People v. Bui* (2011) 192 Cal.App.4th 1002, 1012 and *People v. Jones* (2007) 157 Cal.App.4th 1373, 1383.)

The People respond that Davis has waived his section 654 claim by failing to raise it in his first appeal without justification, relying on *People v.*

---

[4] As we have discussed, the court sentenced Davis on these three counts to consecutive sentences consisting of three years for count 2, first degree robbery, plus an indeterminate 25-years-to-life sentence for a firearm enhancement; 16 months for count 3, first degree burglary; and a principal term of 28 years for count 6, mayhem, which included 20 years for a firearm enhancement.

*Senior* (1995) 33 Cal.App.4th 531 (*Senior*). In *Senior*, the appellate court considering a defendant's second appeal invoked a discretionary waiver rule regarding an issue that could have been raised in the previous appeal. It held that, in cases where a new substantive issue was technically encompassed in an appellate court's remand order but could have been raised in a previous appeal, "the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay." (*Id.* at p. 533.) The People also argue that Davis's claim lacks merit.[5]

We agree with the People that Davis has waived his new section 654 claim by failing to raise it in his first appeal. As we will discuss, we would conclude that he has waived this claim under *Senior* if the standard articulated in that case applied, but we conclude that an even more stringent waiver standard applies, as discussed in, among other cases, *People v. Murphy* (2001) 88 Cal.App.4th 392 (*Murphy*). In *Murphy*, the defendant, Murphy, claimed in a second appeal that the trial court's use of his prior burglary conviction to both elevate his petty theft to a felony and invoke the sentencing provisions of the three strikes law violated constitutional due process and double jeopardy principles. (*Id.* at p. 394.) The People pointed out that the court had affirmed the judgment in the first appeal, except that it remanded the case for the sole purpose of allowing the trial court to decide whether to exercise the discretion given to the trial courts under recent case law to vacate the jury's strike findings. (*Id.* at pp. 393-394.) The People

---

[5] The People acknowledge that Davis did not argue at his resentencing below that the sentence for his burglary conviction should be stayed, but that section 654 claims can be raised for the first time on appeal. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

8

argued that, given that limited remand order, Murphy had waived his new claim under *Senior*. (*Murphy*, at p. 395.)

The *Murphy* court concluded that an even more stringent waiver rule than that articulated in *Senior* applied in its case, one that was neither discretionary nor overcome by a showing of good cause. That is, the court in the previous appeal had ordered a "limited remand," and "the scope of the issues before the court is determined by the remand order. . . . Therefore, Murphy cannot now argue improper dual use of his prior convictions. The time for him to have raised this objection was during his first appeal." (*Murphy, supra,* 88 Cal.App.4th at pp. 396-397, citing *People v. Deere* (1991) 53 Cal.3d 705, 713 [claims of ineffective assistance of counsel in the trial's guilt phase could not be raised when a prior appeal had affirmed the judgment except for penalty phase issues] and *People v. Webb* (1986) 186 Cal.App.3d 401, 410 [defendant could not attack his convictions because the court "specifically affirmed the judgment of conviction in the prior appeal and remanded only for resentencing"]; see also *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 441-442 [court did not abuse its discretion by not conducting a full sentencing analysis because" '[o]n remand with directions, after a judgment on appeal, the trial court has jurisdiction only to follow the directions of the appellate court; it cannot modify, or add to, those directions' "].)

We conclude the *Murphy* waiver rule applies here. Our remand order in Davis's first appeal expressly affirmed the judgment except that we ordered it be modified under section 654 to stay Davis's six years and four months sentence for his count 5 assault conviction and the attendant enhancements. (*Davis I, supra*, 2018 Cal. App. Unpub. LEXIS 6814, at p. *47.) We remanded the matter to the trial court specifically and solely for

9

it to exercise its recently authorized discretion under sections 12022.5 and 12022.53 regarding the firearm enhancements attached to counts 2, 5, 6 and 12, and ordered it to issue an amended abstract of judgment after doing so.  (*Davis I*, at pp. *45-*47.)  Davis's claim that the trial court erred by not considering whether to stay under section 654 two of the sentences imposed for his robbery, burglary and mayhem convictions (counts 2, 3 and 6)—even if the court's action would also result in stayed sentences for their attendant firearm enhancements—is beyond the scope of our remand order because it has nothing to do with the court's discretion under sections 12022.5 and 12022.53. Therefore, the trial court correctly did not consider Davis's new section 654 claim because it was beyond the court's jurisdiction to consider, as indicated in *Murphy* and the other cases we have cited.

Even if we were to assume for the sake of argument that the *Senior* discretionary waiver rule applies here, we would also conclude that Davis has waived his new section 654 claim.  Davis does not argue that he had good cause or justification for not raising this claim in his first appeal.  And he could have easily raised it, particularly in light of the fact that he argued, in supplemental briefing that we requested, that his sentences for his count 5 conviction and the attendant enhancements should have been stayed under section 654, an argument with which we agreed.  (*Davis I*, *supra*, 2018 Cal. App. Unpub. LEXIS 6814, at pp. *9, *30-*42.)

In short, whether considered under *Murphy* or *Senior*, Davis has waived his new section 654 claim.

## II.

### *Davis's Prison Prior Enhancement for Robbery Is Stricken.*

The aggregate sentence the court imposed upon resentencing includes a consecutive one-year enhancement term for a prison prior under

10

section 667.5, subd. (b) related to Davis's robbery conviction.  Davis argues that a recent legislative change has limited imposition of prison prior enhancements under section 667.5, subdivision (b) to prior sexually violent offenses and that the new legislation applies retroactively to Davis's sentence.  The People agree.  The parties are correct.

The court resentenced Davis in January 2019.  For Davis's robbery conviction (count 2), the court imposed an enhancement sentence of an additional one year for a prior prison term under section 667.5, subdivision (b).  This prior prison term was not for a sexually violent offense.

At the time of resentencing, section 667.5, subdivision (b) stated in relevant part:  "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony . . . ." (Stats. 2018, ch. 423, § 65.)

However, effective January 1, 2020, the Legislature amended section 667.5 to limit the imposition of this additional one-year term for prison priors involving sexually violent offenses only, as follows:  "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term *for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code* . . . ." (Stats. 2019, ch. 590, § 1, italics added.)  "By eliminating section 667.5,

11

subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent . . . to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

Under the *Estrada* rule, when an act of the Legislature lessens or eliminates the prescribed punishment for a criminal offense or a sentencing enhancement, such a penalty generally applies retroactively to all judgments not yet final before the effective date of the statute. (*In re Estrada* (1965) 63 Cal.2d 740, 744-748; accord, *People v. Nasalga* (1996) 12 Cal.4th 784, 792) ["The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses"].) Courts, including ours, have repeatedly applied the *Estrada* rule to the Legislature's recent amendment of section 667.5, subdivision (b). (See, e.g., *People v. Matthews* (2020) 47 Cal.App.5th 857, 865 [this court]; *People v. Keene* (2019) 43 Cal.App.5th 861, 865; *People v. Cruz* (2020) 46 Cal.App.5th 715, 738-739; *People v. Jennings, supra*, 42 Cal.App.5th at pp. 681-682.) We apply it here as well and order the trial court to strike Davis's one-year prison prior term that the court imposed as a result of his robbery conviction, and issue an amended abstract of judgment that reflects this modification.

## III.

### *A Clerical Error in the Abstract of Judgment Should Be Corrected.*

The parties agree that we should order correction of a clerical error in the abstract of judgment resulting from Davis's resentencing to reflect sentencing enhancements for counts 4 (assault with a firearm) and 5 (assault with a semiautomatic firearm). We shall order that the court make this correction when it issues its amended abstract of judgment.

At sentencing before Davis's previous appeal, the sentences imposed for counts 4 and 5 each contained a one-year enhancement term under section 12022.7, subdivision (a) for the personal infliction of great bodily injury (GBI). The court stayed the sentence for count 4. Upon remand from the previous appeal, the trial court ordered that the previous sentences be imposed, except that the sentence for count 5 and its attendant enhancements should be stayed under section 654, as this court ordered. However, the GBI enhancements for counts four and five are not reflected in the court's latest abstract of judgment. We therefore will order the trial court to correct this error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts are authorized to order correction of abstract of judgment].)

## DISPOSITION

We affirm the judgment, except that we remand this matter to the trial court to strike Davis's one-year prison prior enhancement sentence for robbery (count two), issue an amended abstract of judgment that reflects this modification and the GBI enhancement sentences imposed and stayed for counts 4 and 5, and provide a copy of this amended abstract of judgment to correctional authorities.

_____
STEWART, J.


We concur.


_____
KLINE, P.J.


_____
RICHMAN, J.


*People v. Davis* (A156663)