Filed 4/19/23  P. v. Winters CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ANTHONY JAMES WINTERS,<br><br>      Defendant and Appellant. | C097005<br><br>(Super. Ct. No. 08F01141) |

Defendant Anthony James Winters appeals from an order denying his petition to vacate his murder conviction under Penal Code former section 1170.95 (now section 1172.6).[1]  Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal and defendant has filed a supplemental brief raising various arguments.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.)  We have considered defendant's arguments and will affirm the trial court's order.

---

[1]    Defendant filed his petition in March 2022.  Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury found defendant guilty of second degree murder (Pen. Code, § 187, subd. (a))[2] and found true an allegation that defendant personally and intentionally discharged a firearm causing the victim's death. (§ 12022.53, subd. (d).) On direct appeal, we affirmed the judgment. (*People v. Winters* (May 5, 2011, C063994) [nonpub. opn.].) We summarized the evidence from the trial, including video that showed the victim and a man holding a can walking into a "restaurant alcove," the victim running away with blood on his shirt shortly thereafter, and witnesses who testified they heard a gunshot and saw the victim run and collapse. Defendant's DNA was found on a can at the crime scene.

In March 2022, defendant filed a petition for resentencing under former section 1170.95. In the petition, he alleged his conviction was based on felony murder, murder under the natural and probable consequences doctrine, or another theory under which malice could be imputed to him based solely on his participation in a crime, and he could not now be convicted because of changes made to sections 188 and 189, effective January 1, 2019.

The parties submitted briefing. The prosecution attached the jury instructions used at trial and argued defendant could not have been convicted under any of the relevant theories because the jury was not instructed on any of those theories.

The court held a hearing on the petition in September 2022. The parties submitted on the briefing and the court denied the petition. The court also noted that although no motion on the firearm enhancement was pending, it believed the enhancement was appropriate and would not strike it if it had the discretion to do so in the future.

Defendant timely appealed.

---

[2]     Undesignated statutory references are to the Penal Code.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under former section 1170.95 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Defendant raises several issues related to his initial trial, saying he received ineffective assistance of counsel because defense counsel told him not to testify at trial. He also argues his firearm enhancement is excessive in that the sentence exceeds the sentence for the actual murder offense. Finally, he claims the judge who denied his petition was biased against him.

As an initial matter, defendant's claims as to his trial and firearm enhancement cannot be raised in this appeal. This court affirmed the judgment in defendant's case in 2011 and it is now final. Thus, none of these issues are arguable in an appeal from an order denying his petition for resentencing under former section 1170.95. (See *People v. Murphy* (2001) 88 Cal.App.4th 392, 395, 396 [precluding new sentencing argument in second appeal "because the time in which to make it has passed"].)

Moreover, none of defendant's arguments affect the theory under which defendant was convicted. The jury at defendant's trial was instructed using CALCRIM No. 520

3

(murder with malice aforethought) and CALCRIM No. 521 (murder:  degrees).  The jury was not instructed on any theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice, and could not have convicted defendant on a theory on which it was not instructed.  (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.)

Finally, none of the trial judge's comments showed "an animus inconsistent with judicial objectivity" or suggested a "whimsical disregard" of the law.  (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.)  As indicated above, defendant is not eligible for relief under former section 1170.95, so the judge did not err in her ultimate conclusion.  The trial judge's statements as to the firearm enhancement were, as the judge acknowledged, unnecessary to resolve the petition for resentencing, but were rather intended to make a record for potential future legislative amendments.  We thus find no merit in defendant's arguments.

## DISPOSITION

The judgment is affirmed.


                                               KRAUSE                , J.



We concur:



        ROBIE                , Acting P. J.



        RENNER              , J.


4