Filed 1/4/24  P. v. Phillips CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098418 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE017907) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| ROBERTO ARMANDO PHILLIPS, | |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 13, 2023, be modified as follows:

On page 1, in the last sentence of the first paragraph, the word "amend" is deleted and the word "correct" is inserted in its place.

On page 5, in the second sentence of the paragraph following the heading "Disposition," the words "an amended" are deleted and the words "a corrected" are inserted in its place.

1

There is no change in the judgment.  Appellant's petition for rehearing is denied.


FOR THE COURT:



   /s/
HULL, Acting P. J.



   /s/
RENNER, J.



   /s/
KEITHLEY, J.*

*       Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/13/23  P. v. Phillips CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098418 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE017907) |
| v. | |
| ROBERTO ARMANDO PHILLIPS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Roberto Armando Phillips asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has filed a supplemental brief raising various issues.  We will affirm the judgment and order the trial court to amend the abstract of judgment to reflect the correct fines and fees imposed.

1

FACTUAL AND PROCEDURAL BACKGROUND

The prosecution charged defendant with two counts of indecent exposure. (Pen. Code, § 314, subd. (1);[1] *People v. Phillips* (Sept. 27, 2022, C095226) [nonpub. opn.] (*Phillips*).) The prosecution also alleged defendant had previously been convicted of indecent exposure. A jury found defendant guilty of one count of indecent exposure. The trial court sentenced defendant to the upper term of three years in state prison. (*Phillips, supra*, C095226.)

Defendant appealed, raising issues related to the Legislature's then-recent amendments to section 1170 under Assembly Bill No. 124 (2021-2022 Reg. Sess.) and Senate Bill No. 567 (2021-2022 Reg. Sess.). In the direct appeal opinion, this court summarized the facts of the case, explaining defendant exposed himself to the victim as she was walking to her car from her office. (*Phillips, supra*, C095226.) We affirmed the conviction but remanded the case for resentencing in light of the statutory amendments, explaining, "there was evidence suggesting defendant had endured psychological, physical, or childhood trauma that could conceivably support a finding that the prior trauma played a role in the offense. Accordingly, we will vacate the sentence and remand for a full resentencing so the trial court can resentence defendant in light of the recent amendments to section 1170. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ['when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate" '].) On remand, defendant may also raise any arguments related to his inability to pay fines and fees." (*Phillips, supra*, C095226.)

The parties filed resentencing briefs. Defendant requested a reduction in the sentence, either in the form of a reduction to a misdemeanor under section 17, subdivision (b) or imposition of the mid or low term, and argued defendant's conduct was clearly the result of his mental health issues and a previous head injury. The prosecution

---

[1]     Undesignated statutory references are to the Penal Code.

noted defendant had a history of similar convictions. The trial court denied the request to reduce the conviction to a misdemeanor based on the prior convictions.

Defendant requested the trial court reduce any fines and fees and to shorten defendant's parole period if his sentence was reduced and he was time served. The court agreed to defendant's request and imposed the two-year midterm sentence. Because defendant was time served, the court ordered his parole period to be reduced by any time served above the new sentence. The court imposed "all minimum fines and fees" and waived any discretionary fees.

Defendant filed a timely notice of appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

Defendant challenges a variety of statements by the victim and police officers, apparently made at his preliminary examination and at trial. Defendant's claims cannot be raised in this appeal. This court previously affirmed defendant's conviction and remanded the case for the limited purpose of resentencing him considering legislative changes. (*Phillips, supra*, C095226.) "California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures . . . ." (*People v. Senior* (1995) 33 Cal.App.4th 531, 535.) Only errors related to the resentencing may be raised and we will not consider issues that should have been raised in defendant's direct appeal. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) We thus reject defendant's arguments.

We note in our review of the record that although the trial court imposed "all minimum fines and fees" in its oral pronouncement, the abstract of judgment does not

3

reflect the minimum required $300 restitution fine under section 1202.4, subdivision (b), or the corresponding parole revocation fine under section 1202.45. Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will order the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The clerk of the trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                         /s/
                                    Keithley, J.*

We concur:


    /s/
Hull, Acting P. J.


    /s/
Renner, J.

---

*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.