Filed 3/29/24  P. v. Labarr CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>PHILLIP EUGENE LABARR,<br><br>   Defendant and Appellant. | F086866<br><br>(Super. Ct. No. F20905209)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

This case returns to this court following remand for resentencing. (*People v. Labarr* (Mar. 14, 2023, F082622) [nonpub. opn.] (*Labarr*).) Appointed counsel for defendant Phillip Eugene Labarr asks this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel also requests that we order clerical corrections to the abstract of judgment. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, arguing his speedy trial rights were violated and the victim's mental illness was not adequately investigated.

We will order clerical corrections to the abstract of judgment as explained below. However, finding no arguable error that would result in a disposition more favorable to defendant, we otherwise affirm.

## BACKGROUND

Defendant was convicted of misdemeanor assault (Pen. Code,[1] § 240; count 1), battery causing serious bodily injury (§ 243, subd. (d); count 2), assault with intent to commit rape (§ 220, subd. (a)(1); count 3), criminal threats (§ 422; count 4), and a second count of misdemeanor assault (§ 240; count 5). Defendant admitted two prior "strike" convictions within the meaning of the Three Strikes law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). The trial court sentenced defendant on each of counts 3 and 4 to consecutive terms of 25 years to life. On count 2, the court imposed and stayed, pursuant to section 654, an upper-term sentence of eight years. On counts 1 and 5, defendant was sentenced to county jail terms with time served. (*Labarr*, *supra*, F082622.)

On appeal, we reversed the convictions on counts 1 and 5 as necessarily included within the conviction on count 3. Accordingly, we vacated the sentence and remanded for a full resentencing. We otherwise affirmed. (*Labarr*, *supra*, F082622.)

---

[1] Undesignated statutory references are to the Penal Code.

2.

On remand, the court conducted a resentencing hearing. Defense counsel asked the court to strike defendant's prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and to sentence him on count 3 to a determinate term of 12 years, on count 2 to a consecutive lower-term sentence of two years, and on count 4 to a consecutive lower-term sentence of 16 months, for an aggregate sentence of 15 years, 4 months. The court declined to strike the prior strike convictions and instead sentenced defendant on count 3 to a term of 25 years to life; on count 2 to the middle term of three years, doubled to six years due to the prior strike, and stayed pursuant to section 654; and on count 4 to a consecutive term of 25 years to life.

## DISCUSSION

### I. Corrections to the Abstract of Judgment

As counsel notes, the abstract of judgment contains several clerical errors. We may correct clerical errors in the abstract of judgment at any time " 'on [our] own motion or upon the application of the parties.' " (*People v. Mitchell* (2001) 26 Cal.4th 181, 186–187.) We may do so following a review of the record required by *Wende* and without further briefing. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244.) Accordingly, we will order the trial court to correct the abstract of judgment as described below.

First, section 6 of the indeterminate abstract of judgment wrongly states that sentences of 50 years to life were imposed on counts 3 and 4. The court shall correct the abstract of judgment to reflect that sentences of 25 years to life were imposed on these counts.

Second, section 1 of the indeterminate abstract of judgment fails to check the box to indicate count 4 is to be served consecutively to count 3. The court shall correct the abstract of judgment to correct this omission.

Lastly, the captions of both the determinate and indeterminate abstracts of judgment reflect a sentencing hearing date of April 6, 2021, the date of the original

3.

sentencing. The court shall correct the caption to reflect the date of the resentencing hearing, which was September 13, 2023.

## II.     *Wende* Review

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## III.    Defendant's Arguments

Defendant contends his speedy trial rights were violated when trial was continued over his and his counsel's objections. However, this argument is outside the scope of the instant appeal from the trial court's judgment following resentencing. (See *People v. Murphy* (2001) 88 Cal.App.4th 392, 395 [" '[W]hen a criminal defendant could have raised an issue in a previous appeal but did not do so, the defendant may be deemed to have waived the right to raise the issue in a subsequent appeal, absent a showing of good cause or justification for the delay.' "].)

Defendant contends the court refused to "look into" the victim's mental illness. This issue is outside the scope of the instant appeal. Moreover, the court reviewed the victim's medical records in camera at the time of defendant's trial, and this court reviewed those records in camera on appeal. We concluded the trial court did not err in determining the victim's sealed medical records were not discoverable by the defense. (*Labarr*, *supra*, F082622.)

## DISPOSITION

The matter is remanded for the trial court to correct the abstract of judgment as stated herein. As corrected, the judgment is affirmed.

4.