Filed 6/24/25  P. v. Mejia-Carrillo CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>JOSE MEJIA-CARRILLO,<br><br>    Defendant and Appellant. | A171111<br><br>(San Francisco County<br> Super. Ct. Nos. CRI17004252<br> & SCN231614-01) |

In a prior appeal, we affirmed Jose Mejia-Carrillo's murder conviction but remanded for resentencing on the gang enhancement.  (*People v. Cruz-Zepeda and Mejia-Carrillo* (Dec. 16, 2022, A161927 & A162077) [nonpub. opn.], review den. Feb. 22, 2023 (S278084) (*Mejia-Carrillo*).)  Mejia-Carrillo now appeals after resentencing.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), that raises no issues and informed Mejia-Carrillo of his right to file a supplemental brief; we have not received one.  After reviewing the record, we conclude there are no arguable issues and therefore affirm.

1

# BACKGROUND

Shortly after midnight on March 17, 2017, George Martinez left a bar in the Mission District of San Francisco.[1]  Mejia-Carrillo and Alexis Cruz-Zepeda followed Martinez to his car, where Mejia-Carrillo accused Martinez of being a member of a rival gang and then shot him; Martinez died later that day at San Francisco General Hospital.  Mejia-Carrillo and Cruz-Zepeda were arrested on March 21, 2017.

In 2019, a jury convicted Mejia-Carrillo of murder (Pen. Code,[2] § 187, subd. (a); count 1), finding true special allegations that Mejia-Carrillo intentionally discharged a firearm causing death (§ 12022.53, subd. (d)) and acted for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), as well as possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2).  The jury also convicted Cruz-Zepeda, Mejia-Carrillo's codefendant, of gang conspiracy (§ 182.5) for acting as a lookout during the murder.  On May 13, 2021, Mejia-Carrillo was sentenced to an aggregate term of 60 years to life.[3]

Mejia-Carrillo and Cruz-Zepeda appealed, and their appeals were consolidated.  "While the appeals were pending, the Legislature enacted Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 699, §§ 1–5) (Assembly Bill 333), which, effective January 1, 2022, significantly altered

---

[1] Our background of the underlying events and proceedings comes from our unpublished opinion in *Mejia-Carrillo*, of which we take judicial notice. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 426, fn. 1.)

[2] Undesignated statutory references are to the Penal Code.

[3] Mejia-Carrillo was sentenced to "a term of 25 years to life for first degree murder (count 1), a consecutive 25-year-to-life term for personal discharge of a firearm causing death, and a consecutive 10-year term for the gang enhancement pursuant to section 186.22, subdivision (b)(1)(C).  The court imposed an aggravated three-year sentence for being a felon in possession of a firearm (count 2), to be served concurrent to count 1."

substantive and procedural elements of gang-related prosecutions." Concluding Assembly Bill 333 was retroactive, we reversed the true finding on Mejia-Carrillo's gang enhancement and remanded to afford the district attorney an opportunity to retry the allegation. "In all other respects," we affirmed the judgment as to Mejia-Carrillo.[4]

At the June 13, 2024 resentencing hearing after remand, the district attorney elected not to retry Mejia-Carrillo on the gang enhancement. The court denied Mejia-Carrillo's motion to strike the firearm enhancement under section 1385 in the interest of justice and determined Mejia-Carrillo was ineligible for probation pursuant to sections 1203, subdivision (e)(1) and 1203.06, subdivision (a).

On the murder conviction, the court again sentenced Mejia-Carrillo to an indeterminate term of 25 years to life with an additional 25 years to life for the firearm enhancement, for a total of 50 years to life. On the felon in possession conviction, the court re-imposed a concurrent upper term of three years. The court imposed a $40 court operations assessment (§ 1465.8), a $30 "critical needs" assessment (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b)) and suspended the imposition of a parole revocation fine (§ 1202.45).

The court awarded Mejia-Carrillo 2,629 days in presentence credit, which it subsequently increased to 2,642 days in an amended abstract of judgment.

Mejia-Carrillo filed a timely notice of appeal from "resentencing."

---

[4] We reversed Cruz-Zepeda's conviction and remanded with the option to retry him, but Cruz-Zepeda is not a party to this appeal.

## DISCUSSION

"The prophylactic procedures in *Wende* are 'relevant when, and only when, a litigant has a previously established constitutional right to counsel.'" (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224.) There is no constitutional right to counsel, however, "in state postconviction proceedings." (*Id.* at p. 226.) Thus, *Wende* review is limited to "an indigent criminal defendant in his first appeal as of right" and "do[es] not extend to an appeal, even on direct review, that is discretionary." (*Delgadillo*, at p. 227.) We previously affirmed Mejia-Carrillo's convictions and remanded for the limited purpose of resentencing in *Mejia-Carrillo*, and "*Wende* thus does not apply to [Mejia-Carrillo's] postconviction proceedings here." (*Delgadillo*, at p. 227; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 [criminal defendants afforded *Wende* review only in "first appeal of right" from conviction].) However, because Mejia-Carrillo was not provided notice that we may dismiss his appeal, we exercise our discretion to conduct a *Wende* review. (*Delgadillo*, at p. 232.)

The scope of our review, nevertheless, is circumscribed by our remand order. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397 ["In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order"].) Because Mejia-Carrillo previously challenged his convictions in a direct appeal while represented by counsel, our independent review is limited to the resentencing. (*People v. Deere* (1991) 53 Cal.3d 705, 713 ["Although the judgment was reversed as to penalty, it was 'affirmed in all other respects.' [Citation.] Thus, only errors relating to the penalty phase retrial may be considered in this subsequent appeal"]; *People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for

4

resentencing"].)  Accordingly, we have independently reviewed the record in this appeal and find no arguable issue.

## DISPOSITION

The resentencing order as reflected in the April 23, 2025 amended abstracts of judgment is affirmed.

DESAUTELS, J.

We concur:

RICHMAN, ACTING P. J.

MILLER, J.

*People v. Mejia-Carrillo* (A171111)