Filed 9/29/25  P. v. White CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C102514 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F8389) |
| v. | |
| JESSIE TAYLOR WHITE, | |
| Defendant and Appellant. | |

This is defendant Jessie[1] Taylor White's second appeal in this case.  In his first appeal, we reversed four of his 16 felony convictions, vacated the sentence, and remanded for possible retrial on the reversed counts.  We affirmed the remaining 12 convictions.  (*People v. White* (Dec. 22, 2023, C096898) [nonpub. opn.].)  On remand, the prosecution elected not to retry the reversed counts.  The trial court resentenced

---

[1]      Defendant's first name appears as both "Jessie" and "Jesse" in the record.  We use defendant's name as it appears on the amended abstract of judgment.

1

defendant on the remaining counts to an aggregate term of 25 years plus 100 years to life, consecutive.  Defendant appeals that sentence.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking this court to independently review the record to determine whether there are any arguable errors that would result in a disposition more favorable to defendant.  Defendant filed a supplemental brief, raising claims challenging the previously affirmed convictions and claiming he should be resentenced.  We have reviewed the record and briefing as required by *Wende* and find no arguable errors that would result in a disposition more favorable to defendant.  Accordingly, we affirm.

We have, however, found the second amended determinate abstract of judgment is missing an attachment page that details convictions and sentences imposed on counts XIII through XVI.  This omission requires correction.  We direct the trial court to prepare a corrected abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2022, a jury found defendant guilty of three counts of forcible rape (counts I-III); one count of rape by threat of future retaliation (count IV); two counts of forcible sodomy (counts V & VI); one count of mayhem (count VII) with a true finding on a deadly weapon enhancement; one count of dissuading a witness (count VIII); one count of making criminal threats (count IX); one count of false imprisonment (count X); one count of arranging a meeting with a minor for lewd purposes (count XI); one count of meeting with a minor for lewd purposes (count XII); one count of contact with a minor for a sexual offense (count XIII); and three counts of statutory rape (counts XIV-XVI). The jury also found several aggravating sentencing factors true.

Defendant waived his right to a jury trial and stipulated that he sustained a 2013 prior conviction for committing lewd and lascivious acts against a child under the age of 14 years.  The trial court accepted the admission and found the prior conviction allegation

2

true.  The court then sentenced defendant to an aggregate term of 25 years plus 300 years to life, consecutive.

In his first appeal, defendant claimed the trial court committed instructional error as to the forcible rape and the rape by threat of future retaliation convictions.  Defendant also argued there was insufficient evidence to support the rape by threat of future retaliation conviction.  We concluded there was sufficient evidence to support the rape by future threat of retaliation conviction.  However, based on instructional error, we reversed all four rape convictions, vacated the sentence, and remanded the matter for possible retrial on the reversed counts.  In all other respects, we affirmed the remaining convictions.  (*People v. White*, *supra*, C096898.)

On remand, the prosecution informed the trial court that based on the victim's wishes, it would not retry the reversed rape convictions and would proceed to resentencing.  The trial court resentenced defendant to an aggregate term of 25 years plus 100 years to life, consecutive.

The trial court resentenced defendant to an aggregate determinate term of 25 years, as follows:  eight years for mayhem (middle term, doubled because of the prior strike conviction), plus one year on the deadly weapon enhancement; four years fully consecutive for dissuading a witness (middle term, doubled because of the prior strike conviction); two years each, consecutive, for meeting with a minor for lewd purposes and contact with a minor for a sexual offense (one-third the middle term, doubled because of the prior strike conviction); and 16 months each, consecutive, for making criminal threats, false imprisonment, arranging a meeting with a minor for lewd purposes, and three counts of statutory rape (one-third the middle term, doubled because of the prior strike conviction).  The trial court awarded defendant a total of 941 days of presentence custody credits on the determinate term.

The trial court resentenced defendant to an aggregate indeterminate term of 100 years to life on the forcible sodomy convictions, as follows:  25 years to life for each of

the two convictions, doubled to 50 years to life because of the prior strike conviction. These terms were ordered to be served consecutively. The trial court also imposed various fines and fees.[2]

Defendant appeals.

DISCUSSION

I

*There Is No Arguable Error*

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed.

Defendant filed a supplemental brief contending: (1) his convictions were based on hearsay and insufficient evidence; (2) the reversal of his rape convictions changed the evidence supporting his remaining convictions and the "very make up" of his sentence; (3) there is newly discovered and improperly withheld evidence; (4) he received ineffective assistance of trial counsel and trial counsel had a conflict of interest; (5) violations of various constitutional rights; and (6) he did not have knowledge of the victim's age.

The bulk of these claimed errors relate to the propriety of defendant's convictions, convictions which were already affirmed in defendant's first appeal. The propriety of defendant's previously affirmed convictions is beyond the scope of our review in this appeal. In this appeal, the scope of our review is circumscribed by our remand order.

---

[2]    Defendant's counsel wrote to the trial court seeking correction of the fines and fees imposed, noting the trial court had not reduced the fines and fees in accordance with the reduced number of convictions. On April 22, 2025, the trial court filed an amended abstract of judgment correcting the fines and fees accordingly.

4

(*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397 ["In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order"].)  Because defendant previously challenged his convictions in a direct appeal while represented by counsel, our independent review is limited to the resentencing. (*People v. Deere* (1991) 53 Cal.3d 705, 713; *People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538.)

Defendant's only claim as to the resentencing is that the reversal of his four rape convictions changes his sentence as "there's no more 'weapon' factor to the alleged reversed rapes, witch [*sic*] changes related facts [and] factors as well and so much more." The " 'weapon' factor" alleged as to the reversed rape convictions appears to be a reference to the special sentencing allegations found true on the rape by threat of future retaliation conviction.  The use of a weapon special sentencing allegation was found not true as to the three forcible rape convictions.

To the extent this is a claim that the trial court abused its discretion in sentencing defendant, we reject the claim.  "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)  "The burden is on the party challenging the sentencing decision to show that the court abused its discretion." (*Ibid*.)

There is no indication in the record that the trial court considered the special sentencing allegation of use of a weapon during the rape by threat of retaliation in resentencing defendant on remand.  Nor is there any indication in the record that the trial court improperly considered the reversed rape convictions in imposing sentence.

After the rape convictions were reversed, there remained a weapon use enhancement allegation as to the mayhem conviction and a use of a weapon special sentencing allegation as to the convictions for mayhem, false imprisonment, making criminal threats, dissuading a witness, and both counts of forcible sodomy.  In addition,

5

the jury found true multiple special sentencing allegations. Despite the true findings on multiple aggravating factors, the trial court did not impose an aggravated term on any count but instead imposed the midterm sentence (or one-third the midterm) as to each count. Each term was doubled because of defendant's admitted prior strike conviction for a sex offense committed in 2013. Defendant was on parole for that prior sex offense conviction when he committed the current offenses.

The trial court found consecutive terms were appropriate because the convictions "involved separate and distinct acts of violence with different objectives [that] were entirely independent of each other"; and, defendant had a substantial amount of time between the offenses. The trial court incorporated by reference the aggravating and mitigating circumstances reflected in the probation report and the factors affecting concurrent or consecutive sentencing under California Rules of Court, rule 4.425. Defendant has not met his burden to show an abuse of discretion.

Having undertaken an examination of the entire record and considered all the briefing pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

II

*The Abstract Of Judgment Must Be Corrected*

Our review of the record has, however, revealed an error in the second amended determinate abstract of judgment. The first amended determinate abstract of judgment included an attachment setting forth the convictions and sentences imposed on counts XIII through XVI. The second amended determinate abstract of judgment does not include this attachment as to counts XIII through XVI. The trial court's oral pronouncement of judgment at the resentencing included sentences on each of these convictions.

Where there is a discrepancy between the oral pronouncement of judgment and abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001)

6

26 Cal.4th 181, 185-186.) Appellate courts may order correction of abstracts of judgment that do not accurately reflect the oral pronouncement of judgment. (*Ibid.*) We order the trial court to correct the determinate abstract of judgment to include the missing attachment page.

## DISPOSITION

The judgment is affirmed. We direct the trial court to issue a corrected determinate abstract of judgment, which includes the attachment page reflecting the convictions and sentences imposed on counts XIII through XVI. The trial court is further directed to forward a certified copy of the corrected determinate abstract of judgment to the Department of Corrections and Rehabilitation.

/s/\
ROBIE, J.

We concur:

/s/\
EARL, P. J.

/s/\
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.