Filed 11/26/25  P. v. Gaines CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON MICHAEL GAINES,<br><br>    Defendant and Appellant. | F088904<br><br>(Super. Ct. No. BF182466A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

James S. Donnelly-Saafield, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Levy, J. and De Santos J.

Defendant Brandon Michael Gaines is currently serving a prison sentence of life with the possibility of parole. His case was remanded for resentencing, and this appeal is taken from a judgment entered on remand. Defendant's appellate counsel makes no claim of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See also *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from him. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

On our own motion, we take judicial notice of *People v. Gaines* (2023) 93 Cal.App.5th 91 (*Gaines*) and the appellate record in *Gaines*. (Evid. Code, §§ 452, subd. (d), 459; see, e.g., *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 886.) We incorporate by reference the factual and procedural background set forth in *Gaines*.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) To summarize, defendant and Dontay Larry Ross were making a purchase at a convenience store where they exchanged words with a man who was accompanied by his girlfriend and her two young children. (*Gaines, supra*, 93 Cal.App.5th at p. 102.) A short time after leaving the store, defendant stopped his vehicle in the street near where the man, girlfriend, and children were walking on the sidewalk while Ross exited the vehicle and shot at the individuals multiple times. (*Ibid.*) Defendant was convicted of premeditated attempted murder and related charges and sentenced to a term of seven years to life, plus 10 years in prison. (*Ibid.*)

Defendant appealed, and we upheld his conviction but remanded for resentencing due to amendments to Penal Code section 1170 enacted during the pendency of his appeal. (*Gaines, supra*, 93 Cal.App.5th at p. 141.)

At resentencing on October 9, 2024, defense counsel requested that the court stay the sentence for the attempted murder conviction and impose sentences on the assault with a deadly weapon convictions. Defense counsel argued that defendant's responsibility was limited to driving the vehicle, defendant did not know Ross had a gun until Ross asked defendant to stop the vehicle, and defendant's youth and childhood trauma contributed to his offenses. The prosecutor opposed the request. The prosecutor requested that the trial court impose the same sentence as originally imposed.

The trial court noted the law changed since the original sentence was imposed and conducted a new analysis. The court found defendant was less than 26 years of age at the time of the offenses and had a limited record of prior criminal conduct as circumstances in mitigation. The court also found defendant engaged in violent conduct that indicates he is a serious danger to society, was on two grants of probation at the time of the offenses, and performed unsatisfactorily while on probation. Weighing these circumstances, the court decided to impose low term sentences for each crime. The trial court resentenced defendant to a total term of seven years to life in prison, plus seven years, and ordered payment of various fines and assessments.

Defendant filed a timely notice of appeal on November 5, 2024.

"In an appeal following a limited remand, the scope of the issues before the court is determined by the remand order." (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396–397.) As such, "a direct attack upon a conviction in a second appeal after a limited remand for resentencing or other posttrial procedures" is generally prohibited. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535.) Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error during resentencing that would result in a disposition more favorable to defendant.

3.

## **DISPOSITION**

The judgment is affirmed.