Filed 3/27/26  P. v. Mendes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ADAM ROSS MENDES,<br><br>    Defendant and Appellant. | C102793<br><br>(Super. Ct. Nos. 18CF03572,<br>20CF00924, 20CF05871,<br>23CF02728) |

In a prior appeal, this court affirmed the conviction of defendant Adam Ross Mendes but vacated his sentence and remanded for resentencing in case Nos. 18CF03572, 20CF00924, and 20CF05871 (case Nos. 572, 924, and 871).  (*People v. Mendes* (Jun. 23, 2022, C093550) [nonpub. opn.] (*Mendes I*).)  Defendant then appealed after resentencing, and we again vacated defendant's sentence and remanded for resentencing after concluding defendant's absence at his resentencing hearing constituted prejudicial error.  (*People v. Mendes* (Mar. 15, 2024, C097978) [nonpub. opn.] (*Mendes II*).)[1]

---

[1]    On our own motion, we take judicial notice of this court's prior opinions in *Mendes I* and *Mendes II*.  (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).)

1

While awaiting resentencing in case Nos. 572, 924, 871, defendant pled no contest to violating section 2101, subdivision (a) of the Unemployment Insurance Code in case No. 23CF02728 (case No. 728). The trial court simultaneously sentenced defendant in all four cases.

Defendant now appeals after the most recent resentencing. Appointed counsel asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Having undertaken an examination of the entire record, we have found an issue with the calculation of credits. We remand for the trial court to recalculate defendant's actual time in custody and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In case No. 572, defendant pled guilty to robbery (Pen. Code, § 211)[2]; in case No. 924, defendant pled guilty to failure to appear (§ 1320.5); and in case No. 871, defendant pled no contest to resisting an executive officer (§ 69, subd. (a)). (*Mendes II*, *supra*, C097978.) The trial court sentenced defendant to an aggregate seven year prison term. (*Ibid*.) On appeal, this court remanded for resentencing in light of amendments to section 1170. (*Ibid*.) Following remand and resentencing, defendant again appealed, and this court vacated the sentence and remanded the matter for further resentencing. (*Ibid*.)

While awaiting resentencing on those three cases, the People charged defendant in case No. 728 with making a false statement to obtain unemployment benefits. (Unemp. Ins. Code, § 2101, subd. (a).) Defendant pled no contest to the charge in exchange for an eight month prison term.

The trial court sentenced defendant to an aggregate prison term of five years eight months, as follows: three years (the middle term) for case No. 572, and eight months (one-third the middle term) consecutive each for the counts in case Nos. 924, 871, and 728, plus eight months consecutive for an unrelated case that is not at issue in this appeal.

---

[2]     Undesignated statutory references are to the Penal Code.

2

The trial court awarded defendant 347 actual days plus 52 conduct credits, for a total of 399 custody credits. The court credited defendant with 1,379 days of total time served.

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

"The prophylactic procedures in *Wende* are 'relevant when, and only when, a litigant has a previously established constitutional right to counsel.' " (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224.) There is no constitutional right to counsel, however, "in state postconviction proceedings." (*Id.* at p. 226.) Thus, *Wende* review is limited to "an indigent criminal defendant in his first appeal as of right" and "do[es] not extend to an appeal, even on direct review, that is discretionary." (*Delgadillo*, at p. 227.) We previously affirmed defendant's convictions in case Nos. 572, 924, and 871 and remanded for the limited purpose of resentencing in *Mendes II*, and "*Wende* thus does not apply to [defendant's] postconviction proceedings" in those cases. (*Delgadillo*, at p. 227.) However, because defendant was not provided notice that we may dismiss his appeal, we exercise our discretion to conduct a *Wende* review. (*Delgadillo*, at p. 232.)

The scope of our review in case Nos. 572, 924, and 871, nevertheless, is circumscribed by our remand order. (*People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397.) Because defendant previously challenged his convictions in a direct appeal while represented by counsel, our independent review is limited to resentencing. (*People v.*

3

*Deere* (1991) 53 Cal.3d 705, 713; *People v. Senior* (1995) 33 Cal.App.4th 531, 535.) As to defendant's appeal in case No. 728, because it is his first appeal of right, we independently review the entire record on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) After independently reviewing the record, we have found an issue with the calculation of credits.

When a trial court resentences a defendant who is currently in custody, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) Here, the trial court did not include all of defendant's actual days in custody in the abstract of judgment. At resentencing, the trial court also awarded custody credits in a separate case not subject to this appeal. As such, we cannot discern from the record how the trial court calculated defendant's total time in custody. We will remand the matter for the trial court to recalculate defendant's actual time spent in custody.

## DISPOSITION

The matter is remanded for the limited purpose of recalculating the actual days of credit for which defendant is eligible on his resentencing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation. The trial court's sentencing order in case Nos. 572, 924, and 871 and the judgment in case No. 728 are otherwise affirmed.


/s/
MESIWALA, J.


We concur:


/s/
HULL, Acting P. J.


/s/
MAURO, J.

5